5DIV,APPEAL,CLOSED,CV,PRO−SE,PSLC1−PS_cmpl,RESTRICT

# U.S. District Court
# U.S. District of Minnesota (DMN)
# CIVIL DOCKET FOR CASE #: 0:22−cv−00932−NEB−LIB
## *Internal Use Only*

Hansmeier v. Tobies Enterprises, Inc. et al
Assigned to: Judge Nancy E. Brasel
Referred to: Magistrate Judge Leo I. Brisbois
Cause: 42:12101 Americans with Disabilities Act

Date Filed: 04/13/2022
Date Terminated: 04/19/2022
Jury Demand: Plaintiff
Nature of Suit: 446 Civil Rights: Americans with Disabilities − Other
Jurisdiction: Federal Question

**Plaintiff**

**Paul Hansmeier** represented by **Paul Hansmeier**
Reg. No 20953−041
FCI − Unit K3
P.O. Box 1000
Sandstone, MN 55072
PRO SE

V.

**Defendant**

**Tobies Enterprises, Inc.** represented by **Brandie L Morgenroth**
Nilan Johnson Lewis PA
250 Marquette Avenue South
Suite 800
Minneapolis, MN 55401
612−305−7500
Fax: 612−305−7501
Email: bmorgenroth@nilanjohnson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erik T Salveson**
Nilan Johnson Lewis PA
250 Marquette Ave. S., Ste. 800
Minneapolis, MN 55401
612−305−7500
Fax: 612−305−7501
Email: esalveson@nilanjohnson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Merrick Garland**

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/13/2022 | 1 | | NOTICE OF REMOVAL from District Court of Minnesota, Hennepin County (filing fee $ 402, receipt number AMNDC−9445499) filed by Tobies Enterprises, Inc.. No summons requested. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Civil Cover Sheet) (Salveson, Erik) (Entered: 04/13/2022) |
| 04/13/2022 | 2 | | (Text−Only) CLERK'S NOTICE OF INITIAL CASE ASSIGNMENT. Case assigned to Judge Nancy E. Brasel per (5th − Civil Rights: Housing/Accommodations, ADA Other) list, referred to Magistrate Judge Leo I. Brisbois. Please use case number 22−cv−932 NEB/LIB. (ACH) (Entered: 04/13/2022) |
| 04/14/2022 | 3 | | LETTER TO DISTRICT JUDGE by Tobies Enterprises, Inc. . (Salveson, Erik) (Entered: 04/14/2022) |
| 04/19/2022 | 4 | | ORDER DISMISSING CASE WITHOUT PREJUDICE AS FRIVOLOUS. Signed by Judge Nancy E. Brasel on 4/19/2022. (KMW) (Entered: 04/19/2022) |
| 04/20/2022 | 5 | | JUDGMENT (Attachments: # 1 Civil Notice − appeal)(MMP) (Entered: 04/20/2022) |
| 05/05/2022 | 6 | | NOTICE OF APPEAL TO 8TH CIRCUIT as to 4 Order Dismissing Case as Frivolous, 5 Judgment by Paul Hansmeier. (Attachments: # 1 Envelope)(ACH) (Entered: 05/05/2022) |
| 05/05/2022 | 7 | | TRANSMITTAL OF APPEAL LETTER TO U. S. COURT OF APPEALS, 8TH CIRCUIT, Re: Notice of Appeal to 8th Circuit 6 . (ACH) (Entered: 05/05/2022) |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| PAUL HANSMEIER,<br><br>Plaintiff,<br><br>v.<br><br>TOBIES ENTERPRISES, INC. and MERRICK GARLAND,<br><br>Defendants. | Case No. 22-CV-932 (NEB/LIB)<br><br><br><br>ORDER |

Plaintiff Paul Hansmeier was sentenced to 168 months' imprisonment after admitting to conspiracy to commit mail and wire fraud and conspiracy to commit money laundering, both counts resulting from Hansmeier's conduct while practicing law. *See United States v. Hansmeier*, 988 F.3d 428, 432 (8th Cir. 2021). Neither his imprisonment nor the subsequent revocation of his law license has discouraged Hansmeier from litigating in state and federal court. Indeed, Hansmeier has proven so vexatious following his conviction that, notwithstanding the many provisions of the Prison Litigation Reform Act ("PLRA") designed to thwart malicious, frivolous, or otherwise non-meritorious lawsuits from prisoners, it has proven necessary to restrict Hansmeier from continuing to sue the prosecutors who put him behind bars. *See Hansmeier v. MacLaughlin*, No. 21-CV-1167

(JRT/LIB), 2022 WL 748484, at *6–7 (D. Minn. Mar. 11, 2022). And yet the lawsuits from Hansmeier have not stopped.[1]

This case, which was removed from Minnesota state court, is typical in many respects. As in many of his prior actions, Hansmeier has bundled a governmental defendant—here, U.S. Attorney General Merrick Garland—with a private litigant—in this case, defendant Tobies Enterprises, Inc. ("Tobies Enterprises"), the proprietor of a cluster of small businesses in Hinkley, Minnesota. (*See* ECF No. 1-1 ("Notice of Removal"), Ex. A at 19.) The private litigant is named as a defendant due to its alleged failure to comply with a federal statute—often, as in this case, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Hansmeier solicits, or is solicited by, unnamed persons who visit facilities covered by the ADA to see if they encounter architectural barriers, disparate treatment, or other discrimination prohibited by the ADA while attempting to access those facilities. (*See* Notice of Removal Ex. A ¶¶ 60–78.)

[1] *See Hansmeier v. MacLaughlin*, 20-CV-2155 (JRT/LIB); *Hansmeier v. MacLaughlin*, 20-CV-2156 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-748 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1167 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1426 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1537 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1538 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1539 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1540 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1542 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1543 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1547 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1550 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1551 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1552 (JRT/LIB); *Hansmeier v. MacLaughlin*, 21-CV-1553 (JRT/LIB); *Hansmeier v. HRP Woodbury II, LLC*, No. 22-CV-820 (ECT/LIB).

Of course, Hansmeier cannot bring claims under the ADA on behalf of the unnamed individuals who are alleged to have been discriminated against; he is in prison and disbarred. *See In re Disciplinary Action Against Hansmeier*, 942 N.W.2d 167 (Minn. 2020). That circumstance leads Hansmeier to include a governmental defendant: Hansmeier alleges that his imprisonment, the federal statutes under which he was convicted, and the regulations of the Federal Bureau of Prisons barring frivolous and extortionate litigation by inmates all infringe upon his constitutional rights and his statutory right to engage in activity protected by the ADA. Put somewhat differently, Hansmeier alleges that the government—by prosecuting him, by incarcerating him, and by disallowing his frivolous litigation while incarcerated—violates not only his constitutional rights, but also his right to pursue claims on behalf of the disabled under the ADA.

Courts of this District have repeatedly rejected these claims, or near-variations on these claims, as non-meritorious, frivolous, malicious, precluded by Hansmeier's prior litigation, or a combination of all of these. *See, e.g.*, *Hansmeier*, 2022 WL 748484, at *1–7. This extensive track record of duplicative, frivolous, and abusive litigation is exactly what the PLRA was designed to prevent. *See, e.g.*, *Murray v. Dosal*, 150 F.3d 814, 816 (8th Cir. 1998) (per curiam). Hansmeier has found a path around many of the PLRA's provisions by filing his lawsuits in state court rather than federal court, then waiting for the case's

inevitable removal.[2] Because the defendants pay the cost of removal to federal court, Hansmeier avoids the obligation to pay the filing fee for the lawsuit. *See* 28 U.S.C. § 1915(b). Moreover, because Hansmeier did not bring the lawsuits in federal court, the dismissals of those actions do not constitute "strikes" for purposes of 28 U.S.C. Section 1915(g), even where those lawsuits are dismissed (as all of Hansmeier's have been) due to frivolousness, maliciousness, or failure to state a claim on which relief may be granted. *See Maldonado v. Baker Cnty. Sheriff's Off.*, 23 F.4th 1299, 1305 (11th Cir. 2022) ("[T]he plain meaning of § 1915(g) is clear—it applies only to actions commenced by a prisoner in federal court who seeks and is granted *in forma pauperis* status in that court.").

Hansmeier has already been "prohibited from filing any new lawsuits and any pleadings or other papers in the District of Minnesota concerning any copyright infringement action or private enforcement action under the ADA against the U.S. Attorney General" and other governmental defendants. *Hansmeier*, 2022 WL 748484, at *7. Hansmeier attempts to elude this hurdle by filing this case in state rather than federal court. *See HRP Woodbury II*, No. 22-CV-820 (ECT/LIB), ECF No. 7 (D. Minn. Apr. 11, 2022) (summarily dismissing lawsuit brought by Hansmeier in state court and removed by defendants as falling within the filing restriction).

---

[2] Some of the relief sought by Hansmeier, such as his release from federal prison, (Notice of Removal Ex. A at 18), could not possibly be secured in the state courts. *See, e.g.*, *In re Tarble*, 80 U.S. 397, 403–07 (1871).

Despite Hansmeier's efforts, the PLRA still applies. Under 28 U.S.C. Section 1915A(a), "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Under 28 U.S.C. Section 1915A(b), the Court must dismiss a complaint brought by a prisoner against a governmental defendant that is "frivolous, malicious, or fails to state a claim on which relief may be granted." And unlike the PLRA provisions discussed above, Section 1915A is not limited to cases commenced in federal court. *See, e.g.*, *Carr v. Zwally*, 760 F. App'x 550, 552–58 (10th Cir. 2019) (affirming dismissal under § 1915A of prisoner lawsuit removed to federal court); *Schlegel v. Schoeneck*, No. 16-CV-867 (DWF/BRT), 2016 WL 7757268, at *1 (D. Minn. Nov. 29, 2016) (collecting cases). Accordingly, this matter is now before the Court for review under Section 1915A. As a result of that review, this Court concludes that this lawsuit is frivolous for the following reasons:

First, Hansmeier lacks standing to pursue claims for disability discrimination under the ADA and the Minnesota Human Rights Act ("MHRA")[3] against Tobies

[3] The Court lacks original jurisdiction over Hansmeier's MHRA claim against Tobies Enterprises. *See* 28 U.S.C. §§ 1331–1332. In the typical case, the Court would remand all state-law claims for relief upon dismissal of the claims for relief over which the Court had original jurisdiction. Here, however, the Court will exercise supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 and dismiss the MHRA claim outright as frivolous, rather than remand the claim to state court. Hansmeier would lack standing to pursue his claim under the MHRA in state court as well, *see State by Humphrey v. Philip Morris*

Enterprises. The crux of Hansmeier's claims against Tobies Enterprises is that it has discriminated against persons whose disabilities require the use of a mobility device by failing to remove architectural barriers that impede full and equal access and enjoyment of the defendant's facilities. (*See* Notice of Removal Ex. A ¶¶ 190–205.) But Hansmeier does not allege that *he* has suffered, or is reasonably likely to suffer, any injury in fact resulting from Tobies Enterprises' failure to remove the allegedly unlawful architectural barriers. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (identifying elements of Article III standing). For example, Hansmeier does not allege that he is disabled within the meaning of the ADA or the MHRA, or that the architectural barriers at issue would create any impediment to Hansmeier's use or enjoyment of the defendant's facilities—assuming there is reason to believe that Hansmeier is likely to access the facilities of the defendant at all, which is overwhelmingly doubtful owing to Hansmeier's substantial and ongoing term of imprisonment.

Second, much of Hansmeier's pleading amounts to an indirect attack on the validity of his conviction and sentence. These claims (or components of claims) are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Hansmeier may not use litigation under the ADA, the MHRA, *Bivens*,[4] or any other civil provision as a means of attacking the fact of his incarceration. *See, e.g.*, *Cistrunk v. Johnson*, No. 08-CV-

---

*Inc.*, 551 N.W.2d 490, 493 (Minn. 1996), and the interests of justice would not be served by permitting Hansmeier's frivolous MHRA claim to proceed in another venue.

[4] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

2203 (DWF/RLE), 2009 WL 2766727, at *7 & n.5 (D. Minn. Aug. 31, 2009) (collecting cases). Unless and until the sentencing judgment in Hansmeier's criminal proceeding is vacated or otherwise invalidated, he may not bring civil claims that, if successful, would necessarily imply the invalidity of his conviction or sentence.

Third, Hansmeier alleges that he has been retaliated against and denied due process as a result of his litigation activities, and he brings claims of constitutional violations against Attorney General Garland. (*See* Notice of Removal Ex. A ¶¶ 214–44.) But "[a] *Bivens* action may be brought only against the specific person or persons alleged to have committed the wrongdoing." *Mendez v. Kallis*, No. 21-CV-178 (DSD/ECW), 2021 WL 1795802, at *2 (D. Minn. Mar. 19, 2021) (collecting cases); *accord Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017). No factual allegations specific to Garland are offered in the complaint; instead, Garland appears to have been named solely due to his supervisory responsibilities. This attempt necessarily fails. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). And even if Hansmeier had named a more appropriate governmental official as a defendant with respect to his *Bivens* claim, that claim could not go forward. As an initial matter, it is doubtful whether *Bivens* extends to Hansmeier's claims at all. *See Earle v. Shreves*, 990 F.3d 774, 779–81 (4th Cir. 2021); *Vega v. United States*, 881 F.3d 1146, 1153–55 (9th Cir. 2018); *Cavan v. United States*, No. 20-CV-1072 (KMM/LIB), 2022 WL 837685, at *9 (D. Minn. Jan. 31, 2022) ("[T]he U.S. Supreme

Court has never recognized a *Bivens* remedy for First Amendment claims, and it has affirmatively declined to extend *Bivens* to a claim invoking the First Amendment."). But even leaving this aside, Hansmeier has not plausibly alleged that the activity in which he has been engaged is constitutionally protected. *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (noting that "there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious") (quotation marks and citation omitted).

Finally, Hansmeier brings claims of unlawful retaliation against both Tobies Enterprises and Garland under Section 12203(b). (*See* Notice of Removal Ex. A ¶¶ 210–13.) But again, there are no plausible allegations offered in the pleading that either of the two defendants specifically named to this complaint have engaged in any retaliation with respect to Hansmeier.[5] This claim of ADA retaliation is frivolous as pleaded.

This matter will therefore be dismissed as frivolous pursuant to Section 1915A. Because significant aspects of that dismissal are jurisdictional or implicate *Heck*, the dismissal will be without prejudice. *See, e.g.*, *Romero v. Pinnacle Equities, LLC*, 283 F. App'x 429, 431 (8th Cir. 2008) (per curiam) (modifying dismissal for lack of subject-matter jurisdiction to be without prejudice); *Gautreaux v. Sanders*, 395 F. App'x 311, 312 (8th Cir. 2010) (per curiam) (modifying dismissal under *Heck* to be without prejudice rather than with prejudice).

---

[5] Even if Hansmeier had named an alternative federal defendant, sovereign immunity would likely preclude recovery from that federal defendant under the ADA. *See Hendrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003).

That this action is dismissed *without* prejudice should not, however, be taken as an invitation to Hansmeier to continue filing frivolous lawsuits. In fact, the Court finds that still further measures are necessary to protect the public from Hansmeier's litigation activity. Therefore, in addition to the restrictions imposed upon Hansmeier in this District, the Court directs that any action filed by Hansmeier in state court and thereafter removed to this District will be automatically stayed while that action undergoes review under the PLRA. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*; 490 U.S. 296, 307–08 (1989) (noting that "there is little doubt" that district courts have the inherent power to dismiss frivolous or malicious litigation even in the absence of statutory authorization). The removing parties will not be obligated to file an answer or otherwise respond to the complaint during the pendency of the stay. Where the removed lawsuit is found on initial review to be frivolous or malicious, the lawsuit may be summarily dismissed by the reviewing court without extended comment. This restriction does nothing to prevent Hansmeier from legitimately accessing the courts—as explained above, Hansmeier's constitutional right of access to the courts does not include the right to file frivolous or malicious litigation, *see Tyler*, 839 F.2d at 1292, and broader restrictions have now proved necessary to prevent Hansmeier from abusing the litigation process.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED WITHOUT PREJUDICE AS FRIVOLOUS.

2. It is certified that any appeal from the dismissal of this action would not be taken in good faith and that *in forma pauperis* status will not be granted to plaintiff Paul Hansmeier on appeal.

3. Hansmeier is subject to the following filing restrictions in addition to the restrictions already imposed in *Hansmeier v. MacLaughlin*, No. 21-CV-1167 (JRT/LIB), 2022 WL 748484, at *7 (D. Minn. Mar. 11, 2022):

    a. Any action filed by Hansmeier in state court and removed to this District will be automatically stayed pending review of that action pursuant to 28 U.S.C. Section 1915A and the Court's inherent power.

    b. Any such action deemed frivolous or malicious on initial review may be summarily dismissed without substantive comment.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 19, 2022

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge

# UNITED STATES DISTRICT COURT
## District of Minnesota

Paul Hansmeier,

Plaintiff(s),

v.

Tobies Enterprises, Inc., and Merrick Garland,

Defendant(s),

**JUDGMENT IN A CIVIL CASE**

Case Number: 22-cv-932 NEB/LIB

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. This matter is DISMISSED WITHOUT PREJUDICE AS FRIVOLOUS.

2. It is certified that any appeal from the dismissal of this action would not be taken in good faith and that *in forma pauperis* status will not be granted to plaintiff Paul Hansmeier on appeal.

3. Hansmeier is subject to the following filing restrictions in addition to the restrictions already imposed in *Hansmeier v. MacLaughlin*, No. 21-CV-1167 (JRT/LIB), 2022 WL 748484, at *7 (D. Minn. Mar. 11, 2022):

   a. Any action filed by Hansmeier in state court and removed to this District will be automatically stayed pending review of that action pursuant to 28 U.S.C. Section 1915A and the Court's inherent power.

b. Any such action deemed frivolous or malicious on initial review may be summarily dismissed without substantive comment.

Date: 4/20/2022 KATE M. FOGARTY, CLERK

# UNITED STATES DISTRICT COURT
## District of Minnesota

Warren E. Burger Federal Building and U.S. Courthouse
316 North Robert Street, Suite 100
St. Paul, MN 55101
(651) 848-1100

U.S. Courthouse
300 South Fourth Street
Suite 202
Minneapolis, MN 55415
(612) 664-5000

Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse
515 West First Street, Suite 417
Duluth, MN 55802
(218) 529-3500

Edward J. Devitt U.S. Courthouse and Federal Building
118 South Mill Street, Suite 212
Fergus Falls, MN 56537
(218) 739-5758

# CIVIL NOTICE

**The appeal filing fee is $505.00. If you are indigent, you can apply for leave to proceed in forma pauperis, ("IFP").**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals or the Federal Circuit Court of Appeals (when applicable) from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

RECEIVED BY MAIL
MAY 05 2022
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAUL HANSMEIER,
Plaintiff,

v.

TOBIES ENTERPRISES, INC., et. al.,
Defendants.

Case No. 22-cv-932 (NEB/LIB)

NOTICE OF APPEAL

Plaintiff Paul Hansmeier hereby appeals the Court's order dated April 19, 2022, Dkt. 4, and the resulting judgment to the United States Court of Appeals for the Eighth Circuit.

Dated May 2, 2022

SCANNED
MAY 05 2022
U.S. DISTRICT COURT MPLS

Paul Hansmeier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

I certify under the penalty of perjury that I placed the foregoing notice of appeal in the prison mailbox with first class postage prepaid on May 3, 2022.

Paul Hansmeier

COMMITTED NAME: Paul Hansmeier
REG. NO. & QTRS.: 20953-041 Unit K3
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
SANDSTONE, MN 55072

SAINT PAUL MN 550
3 MAY 2022 PM 3 L




⇔20953-041⇔
District Court
Clerk of Court
300 S 4TH ST
Minneapolis, MN 55415
United States

RECEIVED BY MAIL
MAY 05 2022
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
MAY 05 2022
U.S. DISTRICT COURT MPLS

55415-229799

# UNITED STATES
# DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

## TRANSMITTAL OF APPEAL

Date: May 5, 2022

To: U.S. COURT OF APPEALS, 8TH CIRCUIT

From: Amy, U.S. District Court-Minnesota

In Re: District Court Case No.: 21-cv-932 NEB/LIB
Eighth Circuit Case No.: N/A
Case Title: Hansmeier v. Tobies Enterprises, Inc. et al

The statutory filing fee has:
☐been paid, receipt number:
☒not been paid as of 5/5/2022
IFP ☐is ☒is not pending
☐been waived because:
☐Application for IFP granted ☐USA filed appeal

Length of Trial: N/A days

Was a court reporter utilized? ☐Yes ☒No
If yes, please identify the court reporter:
Name:
Address:

Phone: