**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

PAUL HANSMEIER,

Plaintiff,

v.

TOBIES ENTERPRISES, INC. and MERRICK GARLAND,

Defendants.

Case No. 22-CV-932 (NEB/LIB)

ORDER

---

After this action was removed to federal court, the Court dismissed the action without prejudice as frivolous. (ECF No. 4 ("Order").) Plaintiff Paul Hansmeier now moves to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.[1] (ECF Nos. 9, 10.) Hansmeier argues—among other things—that the Court had to remand this action to state court after finding that he lacked standing to pursue his claims under the Americans with Disabilities Act and Minnesota Human Rights Act ("MHRA"). (ECF No. 10 at 1–2); *see Hillesheim v. Holiday Stationstores, Inc.*, 900 F.3d 1007,

---

[1] Hansmeier also filed a notice of appeal. (ECF No. 6); *see Hansmeier v. Tobies Enterprises, Inc.*, No. 22-1957 (8th Cir. May 6, 2022). Under Rule 4 of the Federal Rules of Appellate Procedure, a notice of appeal does not take effect until the district court disposes of any Rule 59 motions filed within the time allowed under Rule 59. Fed. R. App. P. 4(a)(4)(A)(iv), (B)(i). "A notice filed before the filing of [a Rule 59 motion] or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." *Id.*, advisory comm. n. to 1993 amendment.

Appellate Case: 22-1957 Page: 1 Date Filed: 05/20/2022 Entry ID: 5159662

1010 (8th Cir. 2018) ("If it turns out after removal that a plaintiff lacks standing to bring a claim in federal court . . . then a district court must remand the claim to state court.").

As the Court explained in its Order, although it typically would remand state-law claims upon dismissal of claims over which it has original jurisdiction, the Court chose to exercise supplemental jurisdiction over Hansmeier's MHRA claim and dismissed without prejudice that claim as frivolous. (Order at 5 n.3 (citing 28 U.S.C. § 1367).) This is not a typical case because Hansmeier is a restricted filer. The Court declines to alter or amend the judgment.

IT IS HEREBY ORDERED THAT:

1. The motions to alter or amend judgment of plaintiff Paul Hansmeier (ECF Nos. 9, 10) are DENIED.

2. It is certified that Hansmeier's appeal from the dismissal of this matter is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Hansmeier is responsible for the entirety of the $505.00 appellate filing fee, which is due and payable immediately. Should Hansmeier's appeal be deemed frivolous by the United States Court of Appeals for the Eighth Circuit, the dismissal of that appeal will constitute a "strike" for purposes of 28 U.S.C. Section 1915(g).

Dated: May 19, 2022

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge