IN THE UNITED STATES COURT OF APPEALS

FOR THE EIGHTH CIRCUIT

No. 22-1957

Paul Hansmeier,

Appellant,

v.

Tobias Enterprises, Inc. et al.,

Appellees.

---

## MOTION FOR STAY PENDING APPEAL

---

Appellant Paul Hansmeier moves the Court to stay the district court's judgment pending the disposition of this appeal. Hansmeier's grounds for this request are presented in the attached memorandum.

Date: July 20, 2021

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

RECEIVED
JUL 28 2022
U.S. Court of Appeals
Eighth Circuit - St. Paul, MN

Appellate Case: 22-1957    Page: 1    Date Filed: 07/28/2022 Entry ID: 5182614

# MEMORANDUM

## I. Introduction.

Appellant Paul Hansmeier's motion for a stay pending appeal should be granted given the district court's bright line errors of jurisdiction, substance and constitutional protections and given the irreparable harm that Hansmeier and the courts will suffer absent a stay.

## II. Background.

Hansmeier initiated claims against appellee Tobies Enterprises, Inc. in Hennepin County District Court. Hansmeier's complaint alleged that Tobies' violations of state and federal accessibility laws are interfering with Hansmeier's efforts to coordinate pairs testing at Tobies restaurant in Hinkley, Minnesota. Before Hansmeier could initiate claims against the Attorney General, Tobies removed the action to the District of Minnesota and asked that Hansmeier's claims be dismissed. Acting hastily and sua sponte, the district court granted Tobies' request without giving Hansmeier an opportunity to respond. The district court dismissed Hansmeier's claims against the Attorney General because they failed to meet the requirements for Bivens claims and because they violated the Heck doctrine. Then the district court dismissed Hansmeier's claims against Tobies, holding that the Attorney General's dismissal deprived Hansmeier of standing to pursue claims against Tobies. Then the district court imposed a filing restriction on Hansmeier, under which any claim brought by Hansmeier in the District of Minnesota or removed to the District of Minnesota by others would be subject to dismissal without substantive comment unless the reviewing judge without the benefit of adversary presentation found that the claims had merit — an unreliable procedure,

as this case demonstrates.

Hansmeier filed a Rule 59(e) motion to alter or amend the judgment. In it, Hansmeier argued that the district court erred by construing Hansmeier's official capacity claims for declaratory and injunctive relief as Bivens claims and thus erred by dismissing Hansmeier's claims for failure to meet Bivens' pleading requirements and under Heck. Then, because Hansmeier's claims against the Attorney General should not have been dismissed, neither should have Hansmeier's claims against Tobies—given the district court's unexplained holding that dismissal of the Attorney General claims deprived Hansmeier of standing to pursue his claims against Tobies. In the alternative, Hansmeier argued that, at a minimum, the district court was obligated to remand Hansmeier's claims against Tobies to Hennepin County District Court, given the well-settled rule that if a plaintiff loses standing over claims that have been removed, then the removed claims for which there is no standing must be remanded. Finally, Hansmeier asked the district court to rescind its filing restriction in light of the errors specified above and other errors.

The district court denied Hansmeier's Rule 59(e) motion in its entirety, but only addressed Hansmeier's argument that his claims against Tobies must be remanded if the district court lacked jurisdiction. The district court justified her dismissal (versus remand) with the suggestion that a federal district court may maintain supplemental jurisdiction over claims for which a plaintiff lacks standing. Hansmeier is unaware of and the district court did not cite to a case that supplemental jurisdiction concepts can save a district court's jurisdiction once a plaintiff is found to lack standing. Finally, the district

court held that any appeal Hansmeier might take would be frivolous.

## II. Argument.

In determining whether to issue a stay pending appeal, the Court considers four factors: (1) whether the party seeking the stay has demonstrated a strong likelihood of success on the merits; (2) whether the party seeking the stay will be irreparably injured without a stay; (3) whether a stay would substantially injure other parties; and (4) the public's interest. "The most important factor is likelihood of success on the merits, although a showing of irreparable injury without a stay is also required." Brakebill v. Jaeger, 905 F.3d 553, 557 (8th Cir. 2018).

### A. Hansmeier has a strong likelihood of success on the merits because the district court mistook Hansmeier's official capacity claims for injunctive relief as Bivens claims and, in any event, violated this Court's holding in Hilleshevin v. Holiday Stationstores, Inc.

A Bivens claim is a claim for damages from a federal officer sued in their individual capacity. See Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1231 (10th Cir. 2005) ("Some courts have characterized constitutional claims to enjoin federal officials as Bivens claims[.]... however ... a Bivens claim lies against the federal official in his individual capacity—not, as here, against officials in their official capacity."); Higazy v. Templeton, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a Bivens action is an award for monetary damages from defendants in their individual

capacities."). Hansmeier's claims against the Attorney General in his official capacity are not Bivens claims because they are official capacity claims for declaratory and injunctive relief. The district court erred by dismissing Hansmeier's claims because they did not meet Bivens' requirements. The district court had no response to this basic point in her order denying Hansmeier's Rule 59(e) motion.

The district court separately cited the Heck doctrine as a basis for the dismissal of Hansmeier's claims against the Attorney General. Under the Heck doctrine, Hansmeier cannot bring claims that would necessarily imply the invalidity of his criminal conviction. Hansmeier does not know how his claims in this case could invalidate his criminal conviction. If successful, Hansmeier's claims will result in Tobies being required to install an accessible parking lot. Further, Tobies and the Attorney General/Department of Justice will be prohibited from retaliating against Hansmeier or enforcing certain federal criminal statutes against Hansmeier based on Hansmeier's petitioning activity in this case. Despite being provided multiple opportunities, the district court has never explained her Heck doctrine reasoning. Hansmeier does not believe that his claims could possibly invalidate his criminal conviction; any concerns about this issue could be addressed by ensuring that the language of an injunction does not impair Hansmeier's criminal conviction — though, again, it is unclear why this concern exists at all, given the narrow scope of Hansmeier's claims.

If nothing else, reversal is mandated because of the district court's jurisdictional errors. In Hillesheim v. Holiday Stationstores, Inc., 900 F.3d 1007 (8th Cir. 2018), this Court reversed a district court which dismissed claims that were removed from Hennepin County

District Court for lack of standing — just like the district court did in this case. The Hillesheim decision read, "If it turns out after removal that a plaintiff lacks standing to bring a claim in federal court, as happened here, then a district court must remand the claim to state court." Id. at 1010. Under the rule in Hillesheim, the district court should have remanded Hansmeier's claims against Tobies after concluding that Hansmeier lacked standing to bring them. The district court claimed that it could dismiss Hansmeier's claims against Tobies pursuant to its supplemental jurisdiction, but there is no such thing as supplemental jurisdiction over claims that a plaintiff lack standing to bring — the district court was confusing Article III's standing requirements with the statutes defining the jurisdiction of the federal district courts.

Based on the foregoing errors, the district court's filing restriction was imposed based on bad information. Vacatur of the filing restriction is warranted to respect Hansmeier's First and Fifth Amendment rights.

 B. Hansmeier will be irreparably harmed absent a stay because the filing restriction impermissibly burdens Hansmeier's rights under the First Amendment to petition the courts for relief.

"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury...." Elrod v. Burns, 427 U.S. 347, 373 (1976). The First Amendment's Petition Clause "protects the right of individuals to appeal to the courts and other forums established by the government for resolution of legal disputes." Borough of Duryea v. Guarnieri, 564 U.S. 379, 387 (2011).

The district court's filing restriction irreparably harms Hansmeier because it impermissibly interferes with Hansmeier's First Amendment petitioning right. Hansmeier's criminal conviction inflicted a significant reputational injury on Hansmeier and Hansmeier's claims — current and anticipated — are not run-of-the-mill prisoner claims. As this case demonstrates, if district courts act on Hansmeier's claims without the benefit of adversary presentation, then Hansmeier's claims are unlikely to be processed in accordance with the law and are likely to be dismissed even when they are meritorious. In this case, for example, no one can seriously argue that Tobies' parking lot complies with state and federal accessibility laws. Yet, the district court summarily described Hansmeier's claims as frivolous. Then, the district court refused to remand claims that are outside of her jurisdiction. This utter breakdown is a constructive and actual denial of Hansmeier's First Amendment rights. The district court's filing restriction all but guarantees more of the same.

C. **Remaining Factors.**

There would be no prejudice to appellees from granting the stay, as the filing restriction does not cover them. The public interest favors the peaceful resolution of disputes via the courts.

Dated: July 20, 2022

Paul Hansmeier
20953-041 Unit F
FCI
P.O. Box 1000
Sandstone, MN 55072