UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

No. 22-1957

Paul R. Hansmeier,
    Plaintiff-Appellant,

v.

Tobies Enterprises, Inc., et al.,
    Defendants-Appellees.

## APPELLANT'S MOTION FOR PANEL REHEARING

Dated: August 2, 2022

Paul R. Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

**FILED**
AUG 11 2022
MICHAEL E. GANS
CLERK OF COURT

RECEIVED
AUG 11 2022
U.S. Court of Appeals
Eighth Circuit - St. Paul, MN

Appellate Case: 22-1957     Page: 1     Date Filed: 08/11/2022 Entry ID: 5187255

Appellant Paul Hansmeier moves the Court under Federal Rule of Appellate Procedure 40 for panel rehearing. Hansmeier's motion is timely because it is filed within 45 days of the Court's July 25, 2022, judgment and the Attorney General, sued in his official capacity, is a defendant. Fed R. App. P. 40(a)(1)(C).

The Court should reverse the district court without reargument because it is inarguable that the district erred by dismissing Hansmeier's claims against Tobies Enterprises, Inc., instead of remanding them. Though this circumstance is sufficient to warrant reversal, the Court can and should go further by holding that the district court mishandled Hansmeier's claims against the Attorney General. Finally, the Court should protect Hansmeier's First and Fifth Amendment rights by vacating the district court's filing restriction with leave to reconsider it on remand.

# I. Background.

Tobies is a popular restaurant in Hinkley, Minnesota that is de-installing accessible parking spaces required by the Americans With Disabilities Act and the Minnesota Human Rights Act. Hansmeier learned of those circumstances in the course of coordinating pairs testing at Tobies. Pairs testing is a civil rights enforcement method whereby a person with a disability and a person without visit a public accommodation and compare experiences for disparate treatment.

Tobies's de-installation of accessible parking spaces is preventing Hansmeier from completing pairs testing there. Hansmeier's pairs testers are people who use wheelchairs for mobility; without accessible parking, Hansmeier's pairs testers have no way of getting into to the restaurant. Hansmeier's pairs testing is effectively stymied until Tobies re-installs accessible parking spaces.

Hansmeier brought claims against Tobies under the Americans With Disabilities Act and the Minnesota Human Rights Act to force Tobies to install accessible parking spaces. Hansmeier's standing in state court is assured, so Hansmeier initiated his claims there. Tobies removed and days later the district court dismissed all of Hansmeier's claims and imposed a sweeping filing restriction against Hansmeier — all of this was done hastily and sua sponte and without providing Hansmeier an opportunity to be heard.

Because the Department of Justice had threatened Hansmeier with criminal prosecution for his past efforts to enforce the Americans With Disabilities Act, Hansmeier's complaint also contained official capacity claims against the Attorney General, in which Hansmeier sought a declaration that certain federal statutes were unconstitutional as applied to Hansmeier's claims against Tobies and an injunction preventing the Attorney General and the rest of the Department of Justice from enforcing the challenged

statutes against Hansmeier on account of his petitioning activity against Tobias. The district court dismissed Hansmeier's Attorney General claims as frivolous because they did not satisfy the requirements for *Bivens* claims — though, it should be noted, Hansmeier's Attorney General claims were not *Bivens* claims. After deciding that Hansmeier's claims were *Bivens* claims, the district court applied the *Heck* doctrine, which bars claims that would necessarily invalidate a criminal conviction, and stated that the dismissal was without prejudice. Then, without explaining why, the district court held that the dismissal of the Attorney General claims deprived Hansmeier of Article III standing for his Tobias claims. Finally, the district court imposed a sweeping filing restriction without any limitations on subject matter.

Hansmeier filed a Rule 59(e) motion to alter or amend the judgment. In that motion, Hansmeier noted that his claims against the Attorney General

were not Bivens claims. The district court ignored that argument. Hansmeier further identified the district court's errors in the Heck doctrine analysis. The district court ignored that argument too. Hansmeier also asked that the district court honor 28 U.S.C. § 1447(c)'s requirement that the district court remand claims for which it determined Hansmeier lacked standing. In direct conflict with this Court's decision in Hughes v. City of Cedar Rapids, Iowa, 840 F.3d 987 (8th Cir. 2016), the district court held it could exercise supplemental jurisdiction over a claim that it had just held that Hansmeier lacked standing to bring—and thus could dismiss it.

Hansmeier took an appeal and this Court affirmed without briefing. The district court's decision conflicts with this Court's decision in Hughes, the Supreme Court's decision in Bivens and the First and Fifth Amendments. Left untouched, this Court's summary affirmance would bring it into conflict with the Supreme Court's decision in DaimlerChrysler

Corp. v. Cuno, 547 U.S. 332 (2006)("What we have never done... is permit a federal court to exercise supplemental jurisdiction over a claim that does not itself satisfy those elements of the Article III inquiry, such as constitutional standing...."), the Supreme Court's decision in Bivens and the First and Fifth Amendments. A failure to correct would create an enormous end run around the foundational Article III case or controversy requirement, would render the federal government immune from First Amendment challenges and eliminate constitutional protections for access to the courts.

I. At a minimum, the Court must reverse and instruct the district court to remand Hansmeier's claims against Tobies to Hennepin County District Court.

Hansmeier was found to lack standing in his claims against Tobies, which were removed from state court. "If a case is removed from state court, those claims lacking Article III standing shall be remanded." Hughes, 840 F.3d at 993. The district court

dismissed Hansmeier's claims instead of remanding them, in direct contravention of <u>Hughes</u>.

The district court justified its dismissal-versus-remand by stating it had supplemental jurisdiction over Hansmeier's claims against Tobies. But this very rationale was rejected in <u>Hughes</u>. In <u>Hughes</u>, the district court dismissed claims removed from state court after concluding that the plaintiffs lacked standing. On appeal, defendants argued that the district court was empowered to dismiss these claims under its supplemental jurisdiction. This Court disagreed: "A court may not exercise supplemental jurisdiction over a claim if the claimant lacks Article III standing." <u>Id.</u> This Court must reverse the district court and instruct the district court to remand the Tobies claims to Hennepin County District Court, from where they were removed.

To fail to do so would be to violate the holding in <u>DaimlerChrysler</u>,

and create a semi-truck sized hole in Article III's case or controversy requirement. DaimlerChrysler, which was cited in Hughes, held in relevant part that standing is not commutative; rather, standing must be demonstrated for each claim independently of the rest. Id. at 351-52. To hold otherwise, the Court reasoned, would be to leave federal courts free to reach the merits of "moot or unripe claims, or claims presenting a political question, if they derived from the same operative facts as another federal claim suffering from none of these defects.... [T]he standing requirement's role in maintaining [separation of powers] would be rendered hollow rhetoric." Id. 352-53. The district court's error should be of paramount concern to this appellate court.

Finally, the district court attempted to justify its refusal to remand with its conclusion that Hansmeier's claims against Tobies are frivolous. The district court's conclusion is advisory and erroneous. The district court's conclusion is advisory because without jurisdiction, the district court has no business

discussing the merits of Hansmeier's claims. On the merits, it is difficult to imagine what the district court was seeing. A place of public accommodation violates the Americans With Disabilities Act and Minnesota Human Rights Act by failing to remove architectural barriers. Any business, such as Tobies, that provides parking spaces must provide them in accordance with the ADA Accessibility Guidelines. 36 C.F.R. pt. 1191, App. B § 208.2. By removing accessible parking spaces below the minimum required under the ADA, Tobies violates the law. The district court did not explain why Hansmeier's claims were frivolous—rather, it just conclusorily described them as such. The most important point, though, is that the district court had no power to review the merits of Hansmeier's claims.

    For all of those reasons— Hughes, Daimler-Chrysler, 28 U.S.C. § 1447(c), Article III and the substance of Hansmeier's claims — the Court must address the district court's error thorough reversal.

II. The Court can and should go further by addressing the district court's mishandling of Hansmeier's official capacity claims against the Attorney General.

The district court took a series of adverse actions against Hansmeier's claims against the Attorney General based on its misconstruction of those claims as *Bivens* claims. *Bivens*, of course, is an implied remedy for damages against a federal official for constitutional violations. The difference between Hansmeier's claim and a *Bivens* claim is that Hansmeier's claim is brought against the Attorney General in his official capacity. Moreover, Hansmeier's claim is for declaratory and injunctive relief.

Hansmeier's claims against the Attorney General are carefully modeled after claims brought by college professors against the Attorney General in *Sandvig v. Sessions*, 315 F. Supp. 3d 1 (D.D.C. 2018). The professors wanted to engage in pairs testing, were concerned about criminal prosecution and brought as applied challenges to certain federal criminal statutes and

brought official capacity claims against the Attorney General under the First and Fifth Amendments. The only meaningful difference between Sandvig and this case is the result; in Sandvig, the plaintiffs survived a motion to dismiss, whereas here Hansmeier's claims were deemed frivolous and Hansmeier was subjected to a sweeping filing restriction. Notably, in Sandvig, the Attorney General did not attack the plaintiff's claims as failing under Bivens, as an official capacity is not a Bivens claim. claim for declaratory and injunctive relief. If requested to respond, Hansmeier expects the government would concede error on this point.

The stakes in this matter are extraordinarily high. In Boule v. Egbert, the Supreme Court held that the implied remedy in Bivens does not extend to First Amendment claims. Suing the head of a department, such as the Department of Justice, is the traditional way to seek injunctive relief against the department/agency/etc. Left undisturbed, the district court's ruling is that the Department of Justice is beyond the First Amendment's reach. The

First Amendment would be unenforceable.

The district court's Bivens error would go on to infect the rest of her order — from the Heck analysis to her treatment of Hansmeier's standing for his claims against Tobies. The sensible remedy is to reinstate Hansmeier's claims against the Attorney General on the grounds that they are not Bivens claims, reinstate Hansmeier's claims against Tobies in light of the Bivens error being unwound, vacate the filing restriction for the same reason and remand to the district court for further consistent proceedings. Once again, if invited to respond, Appellees should concede that the district court erred by construing Hansmeier's claims against the Attorney General as Bivens claims.

III. The Court should protect Hansmeier's First and Fifth Amendment rights by vacating the district court's filing restriction.

In light of the foregoing errors, the Court should vacate the

Court's filing restriction. Doing otherwise would violate Hansmeier's First and Fifth Amendment rights, among others.

In short, the district court did not process Hansmeier's claims in accordance with the law. Hansmeier brought claims in state court because Minnesota has rejected the Iqbal/Twombly plausibility test; Hansmeier did not believe that federal judges could relate to the federal prison environment such that the plausibility analysis could be performed anywhere near accurately — by definition, federal judges have not spent time as a guest of the BOP and if their perceptions are as inaccurate as Hansmeier's were, then the plausibility analysis would be dysfunctional, as this case shows.

Defendants removed, as is their right, and — not to Hansmeier's suprise — the district court struggled with Hansmeier's claims — which are really just basic ADA/MHRA and First Amendment claims, the former of which is supported by Havens Realty standing. Instead of following the law and remanding

Appellate Case: 22-1957    Page: 14    Date Filed: 08/11/2022 Entry ID: 5187255

after the standing determination, the district court punished Hansmeier for bringing "frivolous" claims in federal court — even though Hansmeier never sought a federal forum; defendants did via removal. Hansmeier's claims will readily succeed in state court.

The district court's order imposing a filing restriction punishes Hansmeier for bringing meritorious claims in state court — a violation of Hansmeier's First Amendment rights. The district court's refusal to process Hansmeier's claims in accordance with the law — despite being given a good faith opportunity to do so by way of Hansmeier's Rule 59(e) motion — is a violation of Hansmeier's Due Process rights. The Court should vacate the filing restriction, correct the district court's errors and invite the district court to consider the restriction in light of those actions.

IV. By acting, the Court will conserve substantial judicial resources.

Tobies has no right to provide parking for the general public

without also providing parking for people with disabilities. This case represents the most efficient means of addressing Tobies' blantant violations of state and federal accessibility laws.

V. Conclusion.

The Court should grant this motion.

August 3, 2022

Respectfully submitted,

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072